**REDA PUMP DIVISION OF TRW, INC., Appellant,**

v.

**OKLAHOMA TAX COMMISSION, Cindy Rambo, Robert L. Wadley, and Don Kilpatrick, Appellees.**

**No. 68516.**

Court of Appeals of Oklahoma, Oklahoma City Divisions.

April 5, 1988.

Rehearing Denied May 3, 1988.

Certiorari Denied Sept. 13, 1988.

Donald B. Nevard and Odie A. Nance, Derryberry, Quigley, Parrish, Gooding & Nance, Oklahoma City, for appellant.

J. Lawrence Blankenship, Gen. Counsel, Marjorie L. Welch, Oklahoma Tax Com'n, Oklahoma City, for appellees.

## MEMORANDUM OPINION

BAILEY, Judge:

Upon consideration of the briefs, exhibits and record in the above styled matter, the Court FINDS:

1. Appellant seeks review of the Oklahoma Tax Commission's order denying tax protest and requiring additional tax and penalties to be paid by Appellant. Appellant is engaged in the business of sales, exchange and service of commercial oil well pumping equipment. In the exchange of pumps, Appellant levies an additional "exchange charge" for expedited delivery. After audits for the years 1981–1985, the Tax Commission assessed additional taxes and penalties on these "exchange charges" as taxable gross receipts.

2. Appellant paid the additional taxes and penalties under protest, and sought review before the Commission. Before the Administrative Law Judge, Appellant argued, as it does before this Court, that the "exchange charge" was a "service" not subject to taxation. The Administrative Law Judge disagreed, recommended that the protest be denied, and approved the additional tax and penalty. The Tax Commission adopted the findings of fact and conclusions of law below, and this appeal ensued.

3. The Appellant's pumps clearly constitute tangible personal property. 68 O.S. 1981 § 1352(M). The gross receipts and proceeds from the sale of tangible personal property are subject to taxation. 68 O.S. 1981 § 1354. "There shall not be any deduction from the gross receipts or gross proceeds on account of cost of the property sold, *labor service performed*, interest paid, or losses, or of any expense whatsoever, whether or not the tangible personal property sold was produced, constructed, fabricated, processed, or otherwise assembled at the request of the consumer as part of the sale." 68 O.S.1981 § 1352(F)(5) (Emphasis added). Notwithstanding Appellant's characterization of the "exchange charge" as a "service" charge, we therefore hold the amounts collected as "exchange charges" to be "gross receipts" subject to taxation.

No reversible error of law appears and the opinion and findings of fact and conclusions of law of the Administrative Law Judge and Tax Commission adequately explain the decision. The order of the Tax Commission, denying the Appellant's protest and requiring the payment of additional taxes and penalties is therefore AFFIRMED. Rule 1.202(d), Rules of Appellate Procedure, 12 O.S.1983 Supp., Ch. 15, App. 2.

GARRETT, P.J., and MacGUIGAN, J., concur.